UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID ROBERT O'FLYNN, DONALD L. WILHOLD, JAMES ADDISON, and REGINA ADDISON, *on behalf of themselves and others similarly situated*, <br><br> *Plaintiffs,* <br><br> vs. <br><br> PHH MORTGAGE CORPORATION, OCWEN FINANCIAL CORPORATION, and ALTISOURCE PORTFOLIO SOLUTIONS, SA, <br><br> *Defendants.* | ) ) ) ) ) No. 1:22-cv-00335-JMS-DLP ) ) ) ) ) ) ) ) ) ) |

## ORDER

Plaintiffs David O'Flynn, James Addison, and Regina Addison were all debtors in Chapter 13 cases filed in the United States Bankruptcy Court for the Southern District of Indiana (the "Bankruptcy Court") and Plaintiff Donald Wilhold was a debtor in a Chapter 13 case filed in the United States Bankruptcy Court for the Southern District of Illinois. Plaintiffs initiated an Adversary Proceeding against Defendants PHH Mortgage Corporation ("PHH"), Ocwen Financial Corporation ("Ocwen"), and Altisource Portfolio Solutions, SA ("Altisource"), by filing a Complaint alleging claims on behalf of themselves and a putative class. [Filing No. 2-1.] As is protocol in this District, the Adversary Proceeding was referred to the Bankruptcy Court and after Defendants filed Motions to Dismiss, United States Bankruptcy Judge Robyn Moberly initiated this action by filing a Recommendation to the District Court to Withdraw the Reference Pursuant to Local Rule B-5011-1(b) (the "Recommendation"). [Filing No. 1.] The Recommendation is now ripe for the Court's consideration.

1

# I.
## BACKGROUND

### A.     The Complaint in the Adversary Proceeding

Plaintiffs – all of whom were Chapter 13 debtors in bankruptcy proceedings – filed a Class Action Complaint against Defendants in the Bankruptcy Court on August 31, 2021. [Filing No. 2-1.] In their Complaint, Plaintiffs allege that Defendants engaged in fraudulent practices in connection with the servicing of home mortgage loans owed by individuals involved in Chapter 13 bankruptcy proceedings. [Filing No. 2-1 at 2.] They allege that Defendants "have engaged in a common scheme involving the creation and collection of fees, costs, charges and other amounts in circumvention of the Bankruptcy Code and in violation of federal consumer protection statutes." [Filing No. 2-1 at 2.] The scheme, they allege, "has resulted in countless borrowers and debtors like [them] completing the rigid requirements of a Chapter 13 bankruptcy only to be denied the 'fresh start' to which they were entitled." [Filing No. 2-1 at 2.]

Plaintiffs set forth claims for: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (Count I); (2) violation of RICO and conspiracy to violate RICO, 18 U.S.C. § 1962(d) (Count II); (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k (Count III); (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, *et seq.* (Count IV); (5) contempt and sanctions for violating the discharge injunction provided by 11 U.S.C. § 524(i), violating Federal Rule of Bankruptcy Procedure 3002.1, and violating the automatic stay set forth in 11 U.S.C. § 362(a) (Count V); and (6) unjust enrichment (Count VI). [Filing No. 2-1 at 37-50.]

Plaintiffs bring their claims individually and on behalf of the following class and subclass:

Chapter 13 Class: All individuals who were debtors in a Chapter 13 bankruptcy proceeding wherein an Order of Discharge was entered from August 27, 2015 to present whose first or second residential mortgage loan was serviced by [Ocwen]

during the pendency of their bankruptcy proceeding, [Ocwen or PHH] at the time the Order of Discharge was entered, and who thereafter received some form of communication from [Ocwen or PHH] regarding any fees, costs, charges, escrow deficiency, or delinquency predating the Order of Discharge.

<u>Unjust Enrichment Subclass</u>:  All individuals who were debtors in a Chapter 13 bankruptcy proceeding wherein an Order of Discharge was entered in the Southern or Northern District of Indiana from August 27, 2015 to present whose first or second residential mortgage loan was serviced by [Ocwen] during the pendency of their bankruptcy proceedings, [Ocwen or PHH] at the time the Order of Discharge was entered, and who thereafter paid any amounts to [Ocwen or PHH], whether directly or via refinance, associated with any fees, costs, charges, escrow deficiency, increased principal balance, or delinquency predating the Order of Discharge.

[Filing No. 2-1 at 6.]

### B. The Motions to Dismiss in the Adversary Proceeding

On November 22, 2021, Altisource filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and Federal Rule of Bankruptcy Procedure 7012(b), seeking dismissal of all of Plaintiffs' claims and arguing that the Bankruptcy Court does not have personal jurisdiction over Altisource.  [Filing No. 2-3.]  Also on November 22, 2021, Ocwen and PHH filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012, setting forth various arguments and seeking dismissal of all of Plaintiffs' claims.  [Filing No. 2-6.]  The same day, Ocwen and PHH also filed a Motion to Strike Class Allegations, [Filing No. 2-9], and a Motion to Strike Plaintiffs' Jury Demand, [Filing No. 2-10].

### C. The Court's January 5, 2022 Order and the Parties' Positions Regarding Withdrawing the Reference

On January 5, 2022, Judge Moberly held a status conference at which she expressed concern regarding the Bankruptcy Court's jurisdiction to adjudicate Counts I through IV and Count VI (the "<u>Non-Discharge Claims</u>") and instructed the parties to either file a motion to withdraw the reference to the Bankruptcy Court or advise the Bankruptcy Court that they would not file such a

3

motion. [Filing No. 40 in *O'Flynn, et al. v. PHH Mortgage Corp., et al.*, Adv. Pro. 21-50079 (Bankr. S.D. Ind.).]

Defendants filed a Joint Statement on Withdrawal of the Reference on January 12, 2022, stating that they were declining to file a motion to withdraw reference and setting forth their reasons for that decision. [Filing No. 2-13.] On January 20, 2022, Plaintiffs filed a Statement on Withdrawal of the Reference in which they stated that they believe the Bankruptcy Court has jurisdiction to rule on the Motions to Dismiss and that withdrawal of the reference is not necessary. [Filing No. 2-14.]

### D.   The January 28, 2022 Status Conference

On January 28, 2022, Judge Moberly held a status conference to discuss the pending Motions to Dismiss. [Filing No. 4.] She again expressed concern regarding whether the Bankruptcy Court has jurisdiction to rule on the motions, and counsel for the parties advised Judge Moberly that they would need to discuss with their clients the possibility of moving to withdraw the reference to the Bankruptcy Court. [Filing No. 4 at 4-10.] Judge Moberly advised counsel that she would expect them to state their positions within seven days. [Filing No. 4 at 6-10.]

### E.   Judge Moberly's Recommendation

On February 1, 2022, Judge Moberly initiated this case by filing the Recommendation. [Filing No. 1.] Judge Moberly expressed concern with the potential inability to enter a final judgment if the Motions to Dismiss were granted and recommended that the District Court withdraw its reference for the case "EXCEPT the Defendants' motions to dismiss and all other matters to be decided under Count V of the Class Action Complaint to the extent they pertain exclusively to debtors and plaintiffs David R. O'Flynn, James Addison and Regina Addison, whose bankruptcy cases were resolved by the undersigned." [Filing No. 1 at 2-3.]

4

More specifically, in the Recommendation, Judge Moberly set forth the history of the Adversary Proceeding and stated:

> Resolution of [the Motions to Dismiss], as well as the underlying causes of action, requires substantial and material consideration of non-Title 11 statutes which are necessary for resolution of the case.
>
> As a result of the status conference held on January 5, 2022, the Defendants on January 12, 2022 filed their joint statement…contending that [the Bankruptcy Court] had the jurisdiction to hear and grant their motions and that they would decline to move the District Court to withdraw the reference to [the Bankruptcy Court]. Despite Defendants' contention that the bankruptcy court has jurisdiction to enter final dismissal orders, the Defendants reserve, in Footnote 2, that "Defendants respectfully reserve their views and positions as to whether [the Bankruptcy Court] may hear or finally adjudicate Plaintiffs' claims at subsequent phases of this case should Defendants' motion to dismiss and related dispositive motions be denied." In other words, unless the bankruptcy court grants the Defendants' motion to dismiss, the Defendants wish to maintain their position that the bankruptcy court does not have jurisdiction to hear the cases and enter a final judgment. While the case is still in the pre-trial stage, a possible outcome at this pre-trial stage is the grant of the Defendants' motions and the resulting dismissal of the Class Action Complaint. Such would be a final order, and without a "complete consent" to [the Bankruptcy Court's] jurisdiction, [the Bankruptcy Court] cannot enter judgment.

[Filing No. 1 at 2-3.] Judge Moberly gave the parties 14 days to supplement their previous statements regarding withdrawing the reference. [Filing No. 1 at 3.] On February 15, 2022, Altisource filed a Supplement to Defendants' Joint Statement on Withdrawal of the Reference. [Filing No. 3.]

### F.   The April 12, 2022 Status Conference

Magistrate Judge Doris Pryor held a status conference in this case on April 12, 2022. [Filing No. 12.] At the status conference, the parties advised that they all agreed that the Bankruptcy Court has the authority to decide the Motions to Dismiss. PHH and Ocwen advised that they believe that if the Motions to Dismiss are not granted, Count V would need to be decided by the Bankruptcy Court while the other claims would need to be decided by the District Court.

Altisource stated its position that if the Motions to Dismiss are not granted, the referral should be withdrawn. Plaintiffs advised that they will do whatever the Court requires.

## II.
### LEGAL FRAMEWORK

With certain exceptions not relevant here, the district courts of the United States have "original and exclusive jurisdiction over all cases under title 11." 28 U.S.C. § 1334(a). Congress has divided bankruptcy proceedings into three categories – those that arise under Title 11, those that arise in a Title 11 case, and those that are related to a case under Title 11 – and a district court may refer such cases to the bankruptcy judges in the district. 28 U.S.C. § 157(a). District courts may withdraw a case or proceeding referred to the bankruptcy court "for cause shown." 28 U.S.C. § 157(d).

"The manner in which a bankruptcy judge may act on a referred matter depends on the type of proceeding involved." *Stern v. Marshall*, 564 U.S. 462, 473 (2011). In "core proceedings," bankruptcy judges may "hear and determine all cases" and may "enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1). Parties may appeal final judgments in core proceedings to the district court, which reviews them using traditional appellate standards. *Stern*, 564 U.S. at 474-75. If a bankruptcy judge determines that something is a non-core proceeding but is otherwise related to a case under Title 11, it "shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which a party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

With the consent of all parties, the district court may refer a proceeding related to a cause under Title 11 to a bankruptcy judge to hear, determine, and enter appropriate orders and judgments. 28 U.S.C. § 157(c)(2); *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 678-79

(2015) ("[A]llowing bankruptcy litigants to waive the right to Article III adjudication of *Stern* [non-core] claims does not usurp the constitutional prerogatives of Article III courts.").

### III.
### DISCUSSION

The parties have filed various reports and briefs related to the issue of whether the Bankruptcy Court has jurisdiction to decide the Motions to Dismiss as they relate to the Non-Discharge Claims and enter final judgment, if appropriate. But the bottom line – and the latest position the parties have taken – is that all parties consented to the Bankruptcy Court deciding the Motions to Dismiss when they met with Magistrate Judge Pryor on April 12, 2022. This is a new circumstance that did not exist when Judge Moberly filed her Recommendation. Accordingly, based on the parties' unanimous consent, the Court **REJECTS** Judge Moberly's Recommendation to the District Court to Withdraw the Reference Pursuant to Local Rule B-5011-1(b). [Filing No. 1].[1]

### IV.
### CONCLUSION

Because the parties now consent to the Bankruptcy Court deciding the Motions to Dismiss pending in the Adversary Proceeding, Judge Moberly may decide the pending Motions to Dismiss and enter final judgment, if warranted, based on that consent. Accordingly, the Court **REJECTS** Judge Moberly's Recommendation to the District Court to Withdraw the Reference Pursuant to Local Rule B-5011-1(b), [1], and declines to withdraw its reference of this matter to the Bankruptcy Court.

---

[1] Altisource argues that the Bankruptcy Court does not have jurisdiction over Mr. Wilhold's claim for violation of the discharge injunction and the automatic stay because that claim relates to orders entered by the United States Bankruptcy Court for the Southern District of Illinois. [*See* Filing No. 3 at 5-6.] This is an issue to be decided at the motion to dismiss stage, and not in connection with whether the reference to the Bankruptcy Court should be withdrawn.

Date: 5/18/2022

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**